**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JAN 03 2017

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ILCIA AVELI PEREZ, | No.   11-72031 |
| Petitioner, | Agency No. A078-654-287 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 17, 2016
San Francisco, California

Before: GOULD, BYBEE,[**] and FRIEDLAND, Circuit Judges.

Ilcia Aveli Perez, a 41-year-old native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' (BIA's) denial of her application

for asylum and withholding of removal. The main question on appeal is whether

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]        After oral argument in this case, Judge Bybee replaced Judge Noonan
on this panel.

substantial evidence supports the BIA's determination that Perez did not face persecution "on account of" her membership in a group of "Guatemalan women who object to being forced into a marital relationship." *See Parussimova v. Mukasey*, 555 F.3d 734, 739 (9th Cir. 2008). Substantial evidence does not support the BIA's decision. Perez presented both direct and circumstantial evidence showing that her resistance to marital requests was "at least one central reason" for her persecution. 8 U.S.C. § 1158(b)(1)(B)(I); *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992). That evidence included (1) Perez's credible, uncontroverted testimony that her assailant harassed and attempted to rape her because she objected to marrying him; (2) Perez's testimony that two of her cousins were harassed, raped, and attacked for resisting marital requests; and (3) the U.S. Department of State's 2009 country report and several newspaper articles, all of which described violence against women in Guatemala.

To the extent the BIA held that Perez had not established past persecution, the BIA also erred. The repeated harassment, the threats, and the attempted rape that Perez suffered were sufficiently serious to amount to past persecution, *see Lopez-Galarza v. INS*, 99 F.3d 954, 959 (9th Cir. 1996) ("[R]ape or sexual assault . . . may constitute persecution."), and Perez presented credible evidence that she reported the attempted rape to no avail, sufficiently demonstrating that the police

2

were unwilling or unable to help her, *see Singh v. INS*, 94 F.3d 1353, 1360 (9th Cir. 1996) (concluding that the government was unable or unwilling to protect the petitioner and his family when petitioner reported his assaults to the police and identified his assailants, but the police failed to respond).

Although we hold that Perez demonstrated that the persecution she faced has the required nexus to her claimed social group, we cannot decide in the first instance whether that group is a cognizable social group. The BIA did not reach that issue, and the BIA must have "the opportunity to address the matter in the first instance in light of its own expertise." *INS v. Ventura*, 537 U.S. 12, 17 (2002). We also note that the BIA's decision below predated our en banc decision in *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc), which clarified the appropriate social-group analysis.

We therefore **GRANT** the petition and **REMAND** the case to the BIA for further proceedings consistent with this decision.